UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN CAREY, MSS CAPITAL, LLC, HUNTS ROAD, LLC, ION1 LLC, BRICKELL CAPITAL SOLO 401K TRUST, KAILEY LEWIS, EDWARD REINLE, EMANUEL VALADAKIS and ZITAH MCMILLAN-WARD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MOE, PETER B. RITZ, LZG INTERNATIONAL, INC., ROGER HAMILTON, and GENIUS GROUP LIMITED, <br><br> Defendants. | Case No. 1:24-cv-07551 |
| GENIUS GROUP LIMITED, <br><br> Petitioner, <br><br> v. <br><br> LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ, <br><br> Respondents. <br><br> VSTOCK TRANSFER, LLC, <br><br> Nominal Respondent. <br><br> LZG INTERNATIONAL, INC.'S SHAREHOLDERS, <br><br> Intervenor. | Case No. 1:24-cv-08464 |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF RULE 42(A)(2) MOTION TO CONSOLIDATE**

Plaintiffs respectfully submit this Memorandum of Law in support of their motion to consolidate this securities fraud Class Action with a case recently filed by Defendant Genius Group Limited before this Court, which pertains to the same transaction, involves the same parties, and raises similar allegations of fraud and misrepresentations in connection with the GNS-LZGI merger at issue in this action.

## BACKGROUND

On October 4, 2024, some of the largest shareholders of LZG International, Inc. ("LZGI") filed this securities fraud class action against Genius Group Limited ("GNS"), Michael Moe, Peter Ritz, and Roger Hamilton (GNS's CEO), under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j and 78t(a), and Rule 10b–5, 17 C.F.R. § 240.10b–5.

As detailed in the Class Action Complaint, GNS colluded with Ritz and Moe to defraud LZGI shareholders, by manufacturing a stock-for-stock merger between GNS and LZGI, which was conceived to enrich Ritz and Moe, while allowing GNS to deceive investors as it attempted to raise millions of dollars in funding. *See generally* DE 1. As structured, the merger resulted in the sale of LZGI's key revenue generating asset to GNS in exchange for restricted GNS stock of doubtful value, because GNS was struggling financially and could collapse at any moment.[1]

To effectuate the merger, GNS assisted Ritz and Moe (1) cover up their diversion of millions of dollars of LZGI funds, and (2) conceal the wrongful issuance of more than 73 million LZGI shares (millions of which went to Ritz and Moe), which were issued after GNS announced

---

[1] A few months before it announced a merger with LZGI, GNS reported, in its Form 20-F/A, that "due to recent changes in [GNS'] 2022 convertible loan terms in which company elected to pay all future payments in cash, negative cash flows, and continued net losses, management has determined that without additional capital raised, in the next twelve months, there is substantial doubt about [GNS'] ability to continue as a going concern." https://www.sec.gov/Archives/edgar/data/1847806/000149315223026701/form20-fa.htm.

the merger, with no shareholder approval and no compensation to LZGI. *Id.* In addition, GNS gifted almost 18 million GNS shares to Ritz and Moe (making them two of the company's largest individual shareholders) and appointed both Moe and Ritz to its board of directors. *Id.*

As part of the conspiracy to defraud LZGI and its shareholders, GNS issued numerous materially false and misleading statements, including that it had received "[a]ll necessary approvals for the transaction from [LZGI] shareholders," when it had not.[2]

And despite the lack of any shareholder approval and the fraudulent issuance of LZGI shares, GNS proceeded with the deal and relied on the millions of wrongfully issued LZGI shares to devise an exchange ratio of 1 GNS stock for every 3 LZGI shares, resulting in tens of millions of dollars in losses to LZGI shareholders, and in millions of dollars of ill-gotten gains to GNS, Ritz and Moe. *Id.*

On November 7, 2024, roughly one month after the filing of this Class Action, GNS initiated a proceeding before this Court, claiming that the GNS-LZGI transaction proceeded based on "misrepresentations" made by Ritz and Moe, who engaged in "deceptive actions" to conceal "fraudulent" payments related to the merger. *See Genius Group Limited v. LZG International, Inc. et al*, Case No. 24-cv-08464, pending before the United States District Court for the Southern District of New York ("GNS Action").

In that proceeding, GNS not only quotes but heavily relies on the allegations raised in the Class Action Complaint, which, as GNS states, are "[a]t the heart of" the GNS Action. *Id.* Also, in the GNS Action, GNS is seeking injunctive relief to prevent "the issuance and transfer of Genius

---

[2] https://ir.geniusgroup.net/news-events/press-releases/detail/124/genius-group-release-additional-details-of-fatbrain-ai.

shares of common stock" to the Plaintiffs and other LZGI shareholders (stock that GNS issued as consideration for the merger), directly impacting the claims asserted in the Class Action. *Id.*

**ARGUMENT**

Under Fed. R. Civ. P. 42(a)(2), when separate actions "involve a common question of law or fact," this Court is empowered to "consolidate the actions[.]" Indeed, under "Rule 42" this Court has "broad discretion to consolidate legal actions sua sponte[,]" in order to "eliminate unnecessary repetition and confusion." *Siegel v. Boston Beer Co., Inc.*, 2021 WL 5909133, at *3 (S.D.N.Y. Dec. 14, 2021) (internal citations omitted).

Specifically, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Steiner v. UiPath, Inc.*, 2024 WL 4054373, at *2 (S.D.N.Y. Sept. 5, 2024) (internal citations omitted). "Differences in causes of action," or even in "defendants," are irrelevant and "do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Id.*

Here, the Class Action and the GNS Action involve substantially similar questions of law and fact, and this Court should exercise its discretion to consolidate these cases for various reasons.

*First*, both actions arise out of the exact same transaction (the GNS-LZGI merger), and the legal claims and proofs in both actions revolve around it. While the Class Action Plaintiffs allege that GNS colluded with Ritz and Moe to defraud LZGI and its shareholders, GNS, in its action, denies such allegations arguing instead that Ritz and Moe fraudulently procured the deal.

*Second*, both cases involve the same parties, and "the documents to be exchanged are the same as well as the witnesses to be deposed and any additional parties to be impleaded." *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002).

*Third*, the cases are based on the same allegations of fraud and misrepresentations in connection with the all-stock merger. Indeed, GNS quotes and expressly relies on specific allegations contained in the Class Action Complaint, claiming that these allegations are "at the heart" of its own action. In the end, because both cases are based on "almost identical factual allegations[,]" little, if anything, "would be gained by trying these cases separately, and indeed, taking such a course would be inefficient and would raise the risk of inconsistent outcomes." *Chun Huang v. Canntrust Holdings Inc.*, 2020 WL 9077513, at *2 (S.D.N.Y. Apr. 16, 2020).

Minimizing the risk of inconsistent rulings in both actions is of particular importance, here, because the lead case in this matter is a securities fraud Class Action, and disparate conclusions regarding common questions of law and fact would negatively impact hundreds of class members. Thus, to prevent different judges within this district from reaching different rulings over the same set of core facts, exact same parties, and similar questions of law, this Court cannot consider the GNS Action in a vacuum, but must consider that case in the context of the allegations of the Class Action Complaint.

To be sure, the risk of inconsistent outcomes is enhanced by GNS's efforts to enjoin, indefinitely, the release of GNS common stock to LZGI shareholders, based on questions of fact and law surrounding the merger that pervade both the Class Action and the GNS Action. However, because "it is patent that common questions of fact and law are involved," a ruling on these common issues must be coherent, making it even more "obvious that consolidation would effect considerable benefits of judicial economy." *Golden Trade S.R.L. v. Lee Apparel Co.*, 1997 WL 373715, at *2 (S.D.N.Y. June 25, 1997).

Finally, both cases are at their early stages, and discovery has not begun in neither case. Consolidation will save considerable judicial time and expense without creating any confusion or

delay, given that "discovery in [the securities fraud Class Action] will be duplicative of discovery in [GNS's Action]," which "warrants consolidation of the cases to avoid inconsistent rulings, reduce expenses for all parties and expedite resolution of the claims." *McDaniel v. New York*, 2021 WL 1222417, at *2 (S.D.N.Y. Apr. 1, 2021).

In short, if the actions were not consolidated, the result would be duplicative proceedings before different judges within this District, which would not advance the litigation between the same parties, but would rather prolong the dispute, further draining the parties and this Court's resources.

WHEREFORE, Plaintiffs respectfully request that this Court grant this motion, determine the consolidation of cases 24-cv-07551(Class Action) and 24-cv-08464 (GNS Action) for all purposes, and grant such other and further relief as the Court may deem just and proper.

Dated: December 6, 2024

        Respectfully Submitted,

        **AXS LAW GROUP, PLLC**
        2121 NW 2nd Avenue, Suite 201
        Miami, FL 33127
        Tel:  305.297.1878

        By: */s/ Jeffrey W. Gutchess*
        Jeffrey W. Gutchess
        jeff@axslawgroup.com
        Bernardo N. M. Franco
        bernardo@axslawgroup.com
        eservice@axslawgroup.com

        *Counsel for the LZGI Shareholders*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 6, 2024, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess