# EXHIBIT E



390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

December 13, 2024

**Via Email to Chambers**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Genius Group Limited v. LZG International. Inc.*, *et al.* (No. 1:24-cv-08464); *Carey et. al. v. Moe et. al.* (No. 1:24-cv-07551)
Matters Pertaining to Genius Group Limited's Petition for a Preliminary Injunction in Aid of Arbitration Pursuant to CPLR § 7502 Before The Honorable Judge Failla

Dear Judge Vyskocil:

We represent the Petitioner Genius Group Limited ("Genius") in the proceeding captioned *Genius Group Limited v. LZG International. Inc.*, *et al.* (No. 1:24-cv-08464) (the "Petition Proceeding") before the Honorable Judge Failla. We are not appearing on behalf of Genius here, nor do we represent Genius in this action before this Court. However, we write at the direction of the Honorable Judge Failla to inquire of, and inform this Court of matters pertaining to the Petition Proceeding which may or may not be relevant to the class action captioned *Carey et. al. v. Moe et. al.* (No. 1:24-cv-07551) (the "Class Action").

On October 4, 2024, the Class Action was commenced on behalf of shareholders of LZG International, Inc. (the "LZG Shareholders") against Genius, Roger Hamilton ("Hamilton"), LZG International, Inc. ("LZG"), Michael Thomas Moe ("Moe") and Peter Ritz ("Ritz," together with LZG and Moe, the "LZG Parties"). To date, Genius has yet to be served in this Class Action. The Class Action seeks to determine substantive issues regarding the validity of a purchase agreement (the "Asset Purchase Agreement") between Genius and LZG, as well as the LZG Parties' ownership over 73,873,784 Genius common shares LZG received as consideration pursuant to the Asset Purchase Agreement, among other relief. As of November 12, 2024, and further extended on December 10, 2024, the LZG Parties and Vstock Transfer, LLC ("Vstock"), the transfer agent of Genius, are currently enjoined and restrained from initiating any transfer of the Genius shares held by Vstock under the ownership of LZG until December 18, 2024. *See* Petition Proceeding, ECF 14 (Temporary Restraining Order, "TRO").

On October 30, 2024, Genius submitted an application to commence an arbitration proceeding before the International Chamber of Commerce ("ICC") against the LZG Parties pursuant to an exclusive mandatory arbitration provision contained in an Asset Purchase Agreement between Genius and LZG.[1] Subsequently, in connection with the ICC arbitration proceeding, on November

---

[1] The LZG Shareholders had, and continues to have a duty of candor toward this Court and must inform the Court of "any development which may conceivably affect the outcome of the litigation." *See* New York Rules of Professional Conduct, Rule 3.3; *Board of License Comm'rs v. Pastore*, 469 U.S. 238, 240 (1985) (*citing Fusari v. Steinberg*, 419 U.S. 379, 391 (1975). The LZG Shareholders were required to inform this Court of the pending arbitration proceeding

*Carey et. al. v. Moe et. al.*
Case No. 1:24-cv-07551
The Honorable Mary Kay Vyskocil
December 12, 2024
Page 2 of 4

7, 2024, Genius filed a Petition for a Temporary Restraining Order and Preliminary Injunction in Aid of Arbitration pursuant to CPLR § 7502 ("Petition").  On November 12, 2024, Genius' request for a TRO was granted to maintain the status quo while Genius and the LZG Parties negotiated a settlement of the arbitration proceedings pending before the ICC, by restraining and enjoining VStock from transferring Genius common shares owned by LZG.  *See* Petition Proceeding, ECF 14.  While Genius and the LZG Parties have been negotiating an amicable settlement, and upon consent of the LZG Parties, the Honorable Judge Failla continued to extend the TRO three additional times, and the TRO is currently set to expire on December 18, 2024.  On December 10, 2024, the LZG Shareholders were permitted to intervene in the Petition Proceeding, adversarial to the TRO that is in effect to protect both Genius and the LZG Parties pending arbitration before the ICC and during settlement negotiations.

In the Petition Proceeding, Petitioner does not, and cannot seek a determination of any substantive issues regarding the rights of the parties or to the Genius shares of common stock based upon the Asset Purchase Agreement between Genius and LZG.  In fact, no tribunal of competent jurisdiction has made any such determination.  Contrary to the assertions of the LZG Shareholders, neither this Class Action,[2] nor the Petition Proceeding, are the proper venue for the determination of any substantive issue, as the ICC is the exclusive tribunal before which Genius and the LZG Parties agreed would resolve any dispute which arises out of the Asset Purchase Agreement.  In addition, should Genius and the LZG Parties fail to reach an agreeable settlement, the findings and conclusions by the ICC will directly affect the substantive issues that the LZG Shareholders raised to this Court in their Class Action complaint.

However, Plaintiffs' efforts to encroach on the pending arbitration proceedings and settlement negotiations include the LZG Shareholders having filed two separate motions to consolidate the Petition Proceeding and Class Action as both "involve substantially similar questions of law and fact," and "arise out of the exact same transaction" and "both cases involve the same parties."  *See* ECF 14 at 4;  *see also* Petition Proceeding, ECF 30 at 4-5.  This is where the similarities to both proceedings end.  The LZG Shareholders assert that the "cases are based on the same allegations of fraud and misrepresentations in connection with the all-stock merger."  *See* ECF 14 at 5;  *see also* Petition Proceeding, ECF 30 at 5.  Unlike the LZG Shareholders in the Class Action, Genius has not asserted any causes of action for relief against the LZG Parties.  This is a substantive issue

---

between Genius and the LZG Parties which will determine the substantive issues related to the "substantially similar questions of law and fact" that the LZG Shareholders assert are shared between the pending arbitration, this Class Action and the Petition Proceeding.  *See* ECF 14 at 4.

[2] In addition to this Court being the improper venue to determine the substantive issues raised by the LZG Shareholders, it would be appropriate for this Court to exercise its discretion to stay this Class Action brought by a third-party while the mandatory arbitration proceedings between Genius and the LZG Parties of substantive issues common to both the arbitration and the Class Action are pending.  *See FritzCo LLC v. Verizon Commc'ns Inc.*, 2022 U.S. Dist. LEXIS 179452, at *15 (S.D.N.Y. Sept. 30, 2022) (finding a stay to a class action by a third-party not involved with pending arbitration proceedings to be appropriate when there are issues common to the arbitration and the courts, those issues will be determined by the arbitration and the arbitration will clarify and simplify the remaining issues to be litigated).

*Carey et. al. v. Moe et. al.*
Case No. 1:24-cv-07551
The Honorable Mary Kay Vyskocil
December 12, 2024
Page 3 of 4

that the Petition Proceeding does not have the jurisdiction to address and, instead, will be addressed before the ICC in mandatory arbitration.

The LZG Shareholders are mischaracterizing Genius' Petition as one where the Court in the Petition Proceeding will make a determination as to the validity of the Asset Purchase Agreement or the rights regarding the Genius shares owned by LZG. The sole purpose for the Petition Proceeding pursuant to CPLR § 7502 is to maintain the status quo while Genius and the LZG Parties proceed to arbitrate their dispute before the ICC or reach an amicable settlement agreement. The maintenance of the status quo pending arbitration is an issue outside the scope of the claims raised by the LZG Shareholders in this Class Action. Despite this, the LZG Shareholders continue to maintain that the two proceedings should be consolidated.

Petitioner has been ordered by the Honorable Judge Failla to provide a status update in the Petition Proceeding on or before December 18, 2024. At the direction of Judge Failla, Genius respectfully requests for this Court to provide input regarding the proper forum for the Petition Proceeding, and whether the Petition Proceeding should continue before Your Honor or Judge Failla, so that it may provide Judge Failla with information sufficient to quell any concerns that she may have. The Honorable Judge Failla also indicated her willingness, with your approval, to have the cases consolidated and transferred before her. *See* Transcript of December 10, 2024 Petition Proceeding Conference at P. 23:4-11, annexed hereto as **Exhibit A**.

Should this Court require a conference to discuss these issues, Petitioner's counsel is available after January 3, 2025 to be able to participate in such a conference. However, we respectfully note and reiterate that we are neither appearing, nor consenting to jurisdiction before this Court in this Class Action on behalf of Genius. Rather, we are attempting to comply with the Honorable Judge Failla's request. Notwithstanding this correspondence, we believe that the Honorable Judge Failla could issue an Order in Aid of Arbitration pursuant to CPLR § 7502(c), issuing a preliminary injunction to maintain the status quo, on consent of both Genius and the LZG Parties, the actual parties to the arbitration proceeding pending before the ICC.

Finally, if the Class Action and the Petition Proceeding are consolidated before this Court, the LZG Shareholders could revisit the preliminary injunction in the future, as this Court would be in a position to revisit the preliminary injunction, if appropriate.

We thank the Court for its attention to this matter.

Dated: December 13, 2024                    Respectfully submitted,

                                            */s/ Christopher M. Basile*
                                            Christopher M. Basile, Esq.
                                            Joseph F. Rose, Esq.
                                            THE BASILE LAW FIRM P.C.
                                            390 N. Broadway, Suite 140
                                            Jericho, New York 11753

*Carey et. al. v. Moe et. al.*
Case No. 1:24-cv-07551
The Honorable Mary Kay Vyskocil
December 12, 2024
Page 4 of 4

                                                Tel.:  (516) 455-1500
                                                Fax:  (631) 498-0478
                                                Email:  chris@thebasilelawfirm.com
                                                                 joe@thebasilelawfirm.com

                                              *Attorneys for Genius Group Limited*

cc:

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
Email: Failla_NYSDChambers@nysd.uscourts.gov

Jeffrey W. Gutchess
AXS Law Group PLLC
2021 NW 2nd Ave, Suite 201
Miami, FL 33127
Email: jeff@axslawgroup.com